**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-63113-CIV-ALTMAN/Hunt**

**MICHEL NICATY**,

    Plaintiff,

v.

**MICHAEL SMARKUSKY**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon the Plaintiff's Second Amended Motion ("SAM") for Entry of Final Default Judgment, filed on June 12, 2019 [ECF No. 27]. A Clerk's Default was entered against the Defendant, Michael Smarkusky, on April 30, 2019 [ECF No. 17]. Smarkusky failed to appear, answer, or otherwise respond to the Complaint, despite having been served on January 7, 2019 [ECF No. 7]. The Court has carefully considered the SAM, the record, and the applicable law.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *See also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default." (alteration added)).

The Plaintiff brought this action to recover unpaid minimum wages as well as liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. SAM ¶ 1. A

defendant who fails to pay an employee in accordance with the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). To the extent the Plaintiff purports to state a claim for unpaid wages under Section 216(b), his claims fail. The FLSA does not provide a plaintiff with a remedy for unpaid wages that exceed the statutorily mandated minimum wage. *See Bolick v. Brevard County Sheriff's Dep't.*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996). Section 216(b) is only available when an employee is owed unpaid minimum wages or unpaid overtime compensation as a result of a minimum-wage or overtime violation.

Nevertheless, upon a review of the Plaintiff's submissions, there is sufficient evidence to support the entry of a default judgment in his favor. On a motion for default final judgment, the Defendant is deemed to have admitted the well-pleaded allegations in the Complaint. The Plaintiff has submitted an uncontested declaration, in which he states that he was not paid for 234 regular hours worked. Nicaty Declaration ¶ 4 [ECF No. 27-2]. The Plaintiff therefore presents sufficient evidence to support the proposition that he is entitled to $1,930.50 in unpaid minimum wages and $1,930.50 in minimum wage liquidated damages,[1] for a total of $3,861.00.

The Plaintiff is also entitled to attorney's fees and costs. Under Section 216(b), an employee may recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." The proper method for determining attorney's fees is to multiply a reasonable hourly

---

[1] The Plaintiff is also entitled to liquidated damages. Under the FLSA, "liquidated damages are mandatory absent a showing of good faith" by the employer. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citation omitted). The Plaintiff's Complaint alleges that the Defendant's failure to pay overtime was willful. Compl. ¶ 11, 16 [ECF No. 1]. The failure to answer the Complaint is tantamount to a failure by the Defendant to meet his burden of showing good faith. Consequently, liquidated damages are appropriate.

rate by a reasonable number of hours expended. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*

The Plaintiff seeks $4,335.00 in attorney's fees and $515.00 in costs. Plaintiff's counsel indicates his hourly rate is $425.00 per hour. Declaration of Robert S. Norell, Esq. [ECF No. 27-3 at ¶ 5]. Mr. Norell's affidavit also details his work in the case, which amounts to 10.2 hours. *Id.* ¶ 7. The Court finds counsel's hourly rate excessive and concludes that a rate of $375.00 is more appropriate. *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015) (finding that $375.00 per hour is "at the high end of the range of rates charged in the Southern District of Florida for . . . FLSA lawyers"). The Court does find, however, that the number of hours counsel expended on this matter is reasonable. Therefore, the total amount of recoverable attorney's fees is $3,825.00. Additionally, the Plaintiff seeks to recover $515.00 in costs, including filing and process server fees, which the Court finds reasonable. Decl. Norell ¶ 8. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The SAM [ECF No. 27] is **GRANTED in part and DENIED in part** as described above.

2. Default judgment is entered in favor of the Plaintiff and against the Defendant, Michael Smarkusky, in the amount of $8,201.00, which consists of a total of $1,935.00 in unpaid minimum wages, $1,930.50 in liquidated damages, and $4,340.00 in attorney's fees and costs to the Plaintiff's counsel, Robert S. Norell, Esq., for which sums let execution issue.

3. This case is **DISMISSED with prejudice**.

4. All other pending motions are **DENIED as moot**.

5. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

6. The Court retains jurisdiction over this case and over the parties for the purpose of entering any post-judgment orders that may be just and proper.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 12th day of June 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record